UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM FRANCISCA RUIZ DIAZ,<br><br>   Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>   Respondents. | Case No.: 3:25-cv-3517-CAB-SBC<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

On December 10, 2025, Petitioner Miriam Francisca Ruiz Diaz filed a petition for a writ of habeas corpus. [Doc. No. 1.] The parties filed briefings addressing the issues in this case. [Doc. Nos. 4–5.] The Court finds it appropriate for determination on the papers. *See* CivLR 7.1.(d)(1). For the reasons below, the Court **GRANTS** the writ of habeas corpus and orders Respondents to immediately **RELEASE** Petitioner from custody under the same conditions as her previous order of release on recognizance.

**I.     BACKGROUND**

Petitioner, a Mexican national, entered the United States in 1990 when she was ten years old with her mother. [Doc. No. 1 at 4, 6; Doc. No. 1-5 at 1.] In 2014, Petitioner was detained by ICE and placed into removal proceedings pursuant to 8 U.S.C. § 1229(a). [Doc. No. 1 at 7.] ICE subsequently released Petitioner on her own recognizance with conditions including appearing at immigration hearings, notifying ICE of any address

changes, and not violating any laws. [*Id.*] In 2015, Petitioner and the government filed a joint motion to administratively close Petitioner's removal proceedings, which was granted. [Doc. No. 1-7 at 5; Doc. No. 1-8.] On September 26, 2025, Petitioner received a letter from ICE telling her to appear for a check in and information update on October 9, 2025. [Doc. No. 1-9.] When Petitioner appeared that day, two masked ICE officers detained her without notice. [Doc. No. 1 at 8.] Petitioner has remained in ICE custody since without an explanation for the revocation of her release. [*Id.*]

## II.  DISCUSSION

A writ of habeas corpus challenges the legality of petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that she is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

Petitioner argues that, *inter alia*, her detention violates the Due Process Clause of the Fifth Amendment. [Doc. No. 1 at 13–15.] The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to aliens as it does U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be

revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Valencia Zapata*, the Northern District of California granted a TRO for a group of aliens who were detained by U.S. immigration officials, released on their own recognizance, and then re-detained by ICE without explanation. 2025 WL 2578207, at *2. The court held that the petitioners had a protectable liberty in remaining out of custody and thus had to be given notice and a hearing prior to being taken back into custody. *Id.* at *3. The operative facts here are identical.  Petitioner was detained by immigration officials, released on her own recognizance, and then re-detained without notice or a hearing, which violates the due process to which she is entitled. *See Pinchi*, 792 F. Supp. 3d at 1036 (finding likelihood of success where petitioner was released on her own recognizance then re-detained by ICE agents without notice nor pre-detention hearing).  Accordingly, as Petitioner has demonstrated that her detention is unlawful pursuant to the Due Process Clause of the Fifth Amendment, the Court finds she is entitled to relief.

### III.  CONCLUSION

The Court **GRANTS** the writ of habeas corpus and orders Respondents to immediately **RELEASE** Petitioner from custody under the same conditions as her previous order of release on recognizance.  Respondents are further **ENJOINED** from re-detaining her without notice and a pre-detention hearing before a neutral decisionmaker.

It is **SO ORDERED**.

Dated:  December 22, 2025

Hon. Cathy Ann Bencivengo
United States District Judge